IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHELLE WOODS and TERRANCE :
MUHAMMAD, on behalf of themselves :
and all other similarly situated individuals, :
: CASE NO.: _____
Plaintiffs, :
: JUDGE: _____
:
v. : MAGISTRATE JUDGE: _____
:
BEST OF FRIENDS HOME :
CARE SERVICES LLP :
: **JURY DEMAND**
:
Defendant. :
:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Rachelle Woods and Terrance Muhammad (collectively, "Named Plaintiffs"), by and through their attorneys, herby submit this Collective and Class Action Complaint against Defendant Best of Friends Home Care Services LLP ("Defendant Home Care" or "Defendant"), and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

Named Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") on behalf of themselves and all other similarly situated hourly-paid, non-exempt home health employees employed by Defendant to

recover overtime wages they are owed (plus liquidated damages, attorneys' fees, and costs). Named Plaintiffs bring their federal FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiffs bring their Ohio Acts claim as a class action pursuant to Fed. R. Civ. P. 23.

**The FLSA Collective**

1. Named Plaintiffs and the Putative FLSA collective members are current and former hourly-paid, non-exempt home health aide employees who were employed by Defendant at their facilities and were subject to Defendant's unlawful common policy of failing to pay correct overtime compensation.

2. As a result, Defendant failed to pay hourly-paid, non-exempt home health aide employees including Named Plaintiffs for all hours worked in excess of 40 in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay, in violation of the FLSA.

3. Named Plaintiffs assert their FLSA claims individually and pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective," defined as:

> **All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendant as hourly non-exempt employees who held non-exempt job positions and worked in excess of 40 hours in a given workweek.**

4. Named Plaintiffs seek to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt home health aide employees of Defendant informing them of their right to assert FLSA claims in this collective action by filing their individual consent forms.

**The Ohio Acts Rule 23 Class**

5. Named Plaintiffs and the putative Rule 23 class of Defendant's Ohio workers (the "Ohio Acts Rule 23 Class") are current and former hourly-paid, non-exempt home health aide employees who were employed by Defendant at their facilities within the state of Ohio and were

subject to Defendant's unlawful common policy of failing to pay correct overtime compensation. Named Plaintiffs and the putative Ohio Acts Rule 23 Class have not received their duly owed overtime compensation at the statutorily mandated Ohio overtime wage rate within 30 days of performing the work.

6. Named Plaintiffs assert their Ohio Wage Act and OPPA claims pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of persons consisting of:

> **All persons who are or were, at any time within the period of 2 years preceding the commencement of this action through the date of judgment, employed by Defendant as hourly non-exempt employees who held non-exempt job positions and worked in excess of 40 hours in a given workweek.**

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8. This Court has supplemental jurisdiction over Named Plaintiffs' and the putative Rule 23 Class members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' and the putative FLSA Collective Members' claims under the FLSA that they form part of the same controversy.

9. Venue in the Southern District of Ohio, Eastern Division is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business resides in this district.

## THE PARTIES

10. Defendant Home Care is an Ohio for-profit limited liability partnership with a principal place of business located at 617 Sunbury Road, Delaware, OH 43015 (Delaware County). Process may be served upon one of its authorized partners, Ebony May, at 311 Benjamin Street, Delaware, Ohio 43015.

11. Defendant is a health care provider based in Delaware, Ohio that is operating as a homemaker personal care agency that offers companionship, fellowship, and transportation services for those with developmental disabilities.

12. Named Plaintiff Rachelle Woods is an adult resident of Springfield, Ohio residing at 1067 Mount Street, Springfield, OH 45505, and a former home health aide that Defendant previously employed. Named Plaintiff Rachelle Woods has given her written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Named Plaintiff Rachelle Wood's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit 1**.

13. Named Plaintiff Terrance Muhammad is an adult resident of Columbus, Ohio residing at 2306 Traymore Place, Columbus, Ohio 43211, and a former home health aide while employed by Defendant. Named Plaintiff Terrance Muhammad has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Named Plaintiff Terrance Muhammad's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit 2**.

14. Named Plaintiffs, the putative FLSA Collective members and the putative Rule 23 Ohio Acts Class members will be collectively referred to as "Plaintiffs."

## STATEMENT OF FACTS

15. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

16. The job duties of the hourly-paid, non-exempt home health aide employees consisted of a wide variety of tasks ranging from assisting clients with bathing, eating, house chores, laundry, cooking, mobility, taking medications, and more.

17. Home health aide employees would report to the respective client's house at the selected time which often times included staying there overnight.

18. Home health aide employees clocked in and out for their shifts using the ADP mobile app.

19. Home health aide employees were paid at a rate ranging approximately from $11 to $12.50 an hour for all regular shifts which included all hours except from 11:59 pm to 8:00am.

20. If a home health aide employee had to stay overnight, they were required to sign out and sign back in at 11:59 pm and again at 8:00 am.

21. The hours between 11:59 pm and 8:00 am were considered their On-site, On-call (OSOC) 'sleep shifts.'

22. During OSOC sleep shifts, some home health aide employees were paid at a rate ranging from the minimum wage to approximately $9.00 per hour.

23. During OSOC sleep shifts, home health aide employees had to remain at the client's home overnight ready should the client need any help throughout the night.

26. Plaintiffs' "sleep shifts" were regularly disrupted as they were required to perform work assisting their clients during such times.

24. Defendant's home health aide employees worked over forty (40) hours in most workweeks.

25. Throughout the relevant times subject to this Complaint, Defendant maintained a policy and pay practice, which failed to consider all hours Plaintiffs worked during "sleep shifts" for purposes of calculating their overtime rate for all hours worked in excess of forty in a given workweek.

26. Indeed, Defendant failed to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiffs' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty (40) in a given workweek.

27. As a result of this failure to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiffs' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty (40) in a given workweek, Plaintiffs were deprived of duly earned overtime pay at the proper overtime rate.

28. Throughout the relevant times subject to this Complaint, Defendant maintained a policy and pay practice which failed to pay Plaintiffs one and one half their regular rate of pay for all hours worked in excess of forty in a workweek.

29. As a result of Defendant's policies and unlawful pay practices, and at all material times, Defendant willfully deprived Plaintiffs of their correct overtime compensation.

30. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to the Plaintiff and the Putative Class and Collective Members in this action.

## COLLECTIVE ACTION ALLEGATIONS

31. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

32. Named Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid, non-exempt home health aide employees who have been affected by Defendant's common unlawful policy of failing to pay correct overtime compensation, in violation of the FLSA.

33. Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of:

> **All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendant as hourly non-exempt employees who held non-exempt job positions and worked in excess of 40 hours in a given workweek.**

Named Plaintiffs reserve the right to amend this definition as necessary.

34. Named Plaintiffs bring this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

35. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

36. Named Plaintiffs seek to send notice to all similarly situated hourly-paid, non-exempt home health aide employee as provided by 29 U.S.C. § 216(b) and supporting case law.

37. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Named Plaintiffs under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Named Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

38. Named Plaintiffs anticipate that there will be no difficulty in management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

39. Named Plaintiffs and the putative FLSA Collective members demand a trial by jury.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

40. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

41. Named Plaintiffs bring their Ohio Wage Act and OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a subclass of persons consisting of:

> **All persons who are or were, at any time within the period of 2 years preceding the commencement of this action through the date of judgment, employed by Defendant as hourly non-exempt employees who held non-exempt job positions and worked in excess of 40 hours in a given workweek.**

Named Plaintiffs reserve the right to amend this definition as necessary.

42. The number and identity of the Ohio Acts Rule 23 Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

43. The Ohio Acts Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

44. Upon information and belief, there are more than one hundred (100) Ohio Acts Rule 23 Class members.

45. Named Plaintiffs' Ohio Wage Act and OPPA claims are typical of those claims which could be alleged by any Ohio Acts Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Ohio Acts Rule 23 Class member in separate actions.

46. Named Plaintiffs and the Ohio Acts Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay 150% of Named Plaintiffs' and the Ohio Acts Rule 23 Class members' regular for all hours worked beyond forty (40) in a workweek.

47. Named Plaintiffs and the Ohio Acts Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Act and the OPPA.

48. Named Plaintiffs and the Ohio Acts Rule 23 Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Ohio Acts Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Acts Rule 23 Class members.

49. Named Plaintiffs and the Ohio Acts Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies and willful conduct.

50. Named Plaintiffs are able to protect the interests of the Ohio Acts Rule 23 Class members and have no interests antagonistic to the Ohio Acts Rule 23 Class fairly and adequately.

51. Named Plaintiffs and the Ohio Acts Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

53. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

54. Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Acts Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Acts Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendant improperly failed to pay the Named Plaintiffs and the Ohio Acts Rule 23 Class members at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek;

   b. Whether the wages owed to the Named Plaintiffs and the Ohio Acts Rule 23 Class members remain unpaid for more than thirty (30) days;

   c. Whether Defendant's companywide decision to not pay the Named Plaintiffs and the Ohio Acts Rule 23 Class members at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek was willful and without a good faith basis;

55. The nature and extent of class-wide injury and the measure of damages for those injuries.

56. Named Plaintiffs and the Ohio Acts Rule 23 Class members have been damaged by Defendant's willful refusal to pay at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek and to make that payment within thirty (30) days of the works performance.

57. As a result of Defendant's Ohio Wage Act and OPPA violations, Named Plaintiffs and the Ohio Acts Rule 23 Class members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

58. Named Plaintiffs and the Ohio Acts Rule 23 Class members demand a trial by jury.

## **FIRST CLAIM FOR RELIEF**

### **Collective Violations of the Fair Labor Standards Act**

59. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

60. 29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

61. Defendant employed Named Plaintiffs and the FLSA Collective members as hourly-paid, non-exempt home health aide employees.

62. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

63. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.

64. Defendant knowingly "suffered or permitted" Named Plaintiffs and hourly-paid, non-exempt home health aide employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g).

65. Defendant hired hourly-paid, non-exempt home health aide employees and determined the rate and method of the payment of their wages.

66. Defendant controlled the work schedules, duties, protocols, applications, assignments, and work conditions of hourly-paid, non-exempt home health aide employees.

67. Named Plaintiffs and the putative FLSA Collective members worked over forty (40) hours in most workweeks.

68. Defendant did not include sleep shift hours in hourly-paid, non-exempt home health aide employees' "regular rates of pay," for purposes of calculating their overtime premium compensation despite Named Plaintiffs and the putative FLSA Collective Members performing work during these hours.

69. As a result of Defendant's common illegal policies and practices stated herein, Defendant failed to pay Named Plaintiffs and the putative FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

70. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

72. As a result of Defendant's uniform policies and practices described above, Named Plaintiffs and the putative FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Rule 23 Class Violations of the Ohio Wage Act and the Ohio Prompt Pay Act**

73. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

74. At all times relevant to this action, Named Plaintiffs and the putative Ohio Acts Rule 23 Class members were covered employees within the meaning of the Ohio Wage Act and the OPPA.

75. At all times relevant to this action, Defendant was a covered employer within the meaning of the Ohio Wag Act and the OPPA.

76. At all times relevant to this action, Defendant violated the Ohio Wage Act by willfully refusing to pay Named Plaintiffs and the putative Ohio Acts Rule 23 Class members the statutorily mandated overtime premium of 150% of their regular rate for all hours worked beyond forty (40) in a workweek.

77. At all times relevant to this action, Defendant violated the OPPA by willfully refusing to pay Named Plaintiffs and the putative Ohio Acts Rule 23 Class members all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month.

78. Named Plaintiffs' and the putative Ohio Acts Rule 23 Class members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

79. Defendant lacked a good faith basis in the manner in which it paid the Named Plaintiffs and the putative Ohio Acts Rule 23 Class members and Defendant's violations of the Ohio Wage Act and the OPPA were willful.

80. Named Plaintiffs and the putative Ohio Acts Rule 23 Class members are entitled to payment of their overtime wages and six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

### THIRD CLAIM FOR RELIEF

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 216(a) and O.R.C. § 2307.60**

81. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

82. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

83. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the FLSA Collective members have been injured as a result.

84. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

85. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs respectfully request that this Court grant the following relief against Defendant, as follows:

(A) A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and

end all of the illegal wage practices alleged herein;

  (C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

  (D) Ordering Defendant to disclose in EXCEL format, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members;

  (E) Authorizing Named Plaintiffs' counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

  (F) Designating Named Plaintiffs as the representatives of the FLSA Collective in this action;

  (G) Designating the undersigned counsel as counsel for the FLSA Collective in this action;

  (H) Judgment for damages including all unpaid wages and liquidated damages to which Named Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

  (I) An Order directing Defendant to pay Named Plaintiffs and members of the collective reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA.

  (J) Judgment for any and all civil penalties to which Named Plaintiffs and members of the collective may be entitled;

  (K) An Order certifying an Ohio Acts Rule 23 Class pursuant to Federal Rule of Civil Procedure 23;

(L)     Designating Named Plaintiffs as the representatives of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel;

(M)     A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

(N)     Awarding Named Plaintiffs and the Ohio Acts Rule 23 Class members the sum of their unpaid wages and 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA;

(O)     Compensatory and punitive damages under O.R.C. § 2307.60.

(P)     Awarding pre-judgment and post-judgment interest;

(Q)     An award of prejudgment and post-judgment interest;

(R)     An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

(S)     Such other and further relief as to this Court may deem necessary, just and proper.

Dated: February 21, 2023            Respectfully Submitted,

                                    _____
                                    Adam L. Slone (OH Bar No. 0093440)
                                    **BRIAN G. MILLER CO., L.P.A.**
                                    250 West Old Wilson Bridge Road, Suite 270
                                    Worthington, Ohio 43085
                                    Phone: (614) 221-4035 Fax: (614) 987-7841
                                    als@bgmillerlaw.com

                                    */s/ Robert E. DeRose*
                                    Robert E. DeRose (OH Bar No. 0055214)
                                    Jacob A. Mikalov (OH Bar No.0102121)
                                    **BARKAN MEIZLISH DEROSE COX, LLP**
                                    4200 Regent Street, Suite 210
                                    Columbus, Ohio 43219
                                    Phone: (614) 221-4221 Facsimile: (614) 744-2300
                                    bderose@barkanmeizlish.com
                                    jmikalov@barkanmeizlish.com
                                    *Counsel for Named Plaintiffs and the Putative Class*

## JURY DEMAND

Named Plaintiffs, individually and on behalf of all other FLSA Collective members and Ohio Acts Rule 23 Class members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: February 21, 2023

Respectfully Submitted,

*/s/ Adam L. Slone/*
Adam L. Slone (OH Bar No. 0093440)
**BRIAN G. MILLER CO., L.P.A.**
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Phone: (614) 221-4035 Fax: (614) 987-7841
als@bgmillerlaw.com

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jacob A. Mikalov (OH Bar No.0102121)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221 Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
jmikalov@barkanmeizlish.com
*Counsel for Named Plaintiffs and the Putative Class*