# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RACHELLE WOODS and TERRANCE MUHAMMAD, on behalf of themselves and all other similarly situated individuals, | Case No. 2:23-cv-713 |
| Plaintiffs, | Judge Algenon L. Marbley |
| v. | Magistrate Judge Kimberly A. Jolson |
| BEST OF FRIENDS HOME CARE SERVICES LLP, | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |
| Defendant. | |

Plaintiffs Rachelle Woods and Terrance Muhammad, on behalf of themselves and all opted-in Plaintiffs (collectively "Plaintiffs"), and Defendant Best of Friends Home Care Services LLP ("Defendant") (collectively "the Parties") by and through their respective attorneys, jointly move this Court to approve the Settlement Agreement ("Settlement") reached by the Parties and enter an Order dismissing this action with prejudice.

The Settlement resolves the claims Plaintiffs asserted against Defendant under the Fair Labor Standards Act ("FLSA") for an alleged failure to pay overtime wages. The Parties respectfully submit that the Settlement between Plaintiffs and Defendant is fair and reasonable and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved during negotiations between the Parties, conducted by experienced counsel. The Settlement will provide meaningful payment to Plaintiffs for amounts allegedly owed.

The attached Memorandum in Support explains the nature of the Action, the negotiations, and the propriety of approving the Settlement.

| | |
|---|---|
| January 30, 2024 | Respectfully submitted, |
| **KOHRMAN JACKSON & KRANTZ, LLP** | **BARKAN MEIZLISH DEROSE COX LLP** |
| */s/ Samir B. Dahman* <br> Samir B. Dahman (0082647) <br> 10 West Broad Street, Suite 1900 <br> Columbus, OH 43215 <br> Tel: (614) 427-5750 <br> sbd@kjk.com | */s/ Robert E. DeRose* <br> Robert E. DeRose (OH Bar No. 0055214) <br> 4200 Regent Street, Suite 210 <br> Columbus, OH 43219 <br> Phone: (614) 221-4221 <br> Facsimile: (614) 744-2300 <br> bderose@barkanmeizlish.com |
| **LAW OFFICE OF JULIE M. YOUNG, LLC** | **BRIAN G. MILLER CO., L.P.A.** |
| */s/ Julie M. Young* <br> Julie M. Young (0070899) <br> P.O. Box 227 <br> Worthington, OH 43085 <br> Tel: (614) 842-3314 <br> julie@jmy-law.com | */s/ Adam L. Slone* <br> Adam L. Slone (OH Bar No. 0093440) <br> 250 West Old Wilson Bridge Road, Suite 270 <br> Worthington, OH 43085 <br> Phone: (614) 221-4035 Fax: (614) 987-7841 <br> als@bgmillerlaw.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |

**MEMORANDUM IN SUPPORT**

**I.     NATURE OF THE ACTION**

Plaintiffs, both non-exempt employees, filed this lawsuit on February 21, 2023. The Plaintiffs' Collective and Class Action Complaint alleges a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act ("the Ohio Wage"), Ohio Prompt Pay Act ("OPPA") and O.R.C. §2307.60. Plaintiffs specifically allege Defendant failed to pay them and all other similarly situated employees overtime pay for all hours worked over 40 in a single workweek while employed with Defendant. This includes the hours they worked between 11:59 p.m. and 8:00 a.m., while they were considered On-site, and On-call (hereinafter the "OSOC sleep shift"). Further, Plaintiffs allege that Defendant failed to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiffs' regular rate for purposes of calculating their overtime pay. Defendant denies the allegations contained in the Complaint and denies liability or wrongdoing of any kind.

Through subsequent discussions, the Parties later attempted stipulate to conditionally certify the FLSA Collective Action to expedite settlement negotiations (*See* ECF No. 16) Ultimately, this Court denied the Parties stipulation (*See* ECF No. 23). Thereafter, the Parties agreed to engage in extensive, good faith settlement negotiations only on behalf of the five Plaintiffs involved in this matter at the time.

**II.    THE NEGOTIATIONS**

As a result of those negotiations, the Parties reached an agreement on the Plaintiffs' claims, the terms of which are memorialized in the Settlement Agreement. A true and accurate copy of the

Settlement Agreement, including the Promissory Cognovit Notes executed to each of the Plaintiffs and Plaintiffs' Counsel, and is attached as **Exhibit A** ("**Ex. A.**")**.**

As set forth in the Agreement, Plaintiffs have agreed to resolve their underlying claims for unpaid wages, liquidated damages, and any other claims or potential wage related claims against Defendant. In return, Defendant has agreed to pay Plaintiffs monetary consideration for the alleged damages and Plaintiffs' costs and expenses in bringing the litigation. Defendant does not admit liability and denies that Plaintiffs are entitled to any relief.

Both Parties were represented by experienced counsel during negotiations. The Settlement provides for mutual promises, and an agreement to request the Court to dismiss this action with prejudice and to approve the release of claims set forth in the Settlement.

### III.  THE PROPRIETY OF APPROVAL

The FLSA portion of the Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

#### A.  The Settlement is Fair, Reasonable, and Adequate.

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id*. However, "[t]he Court may choose to consider only those factors that are relevant to the settlement

4

at hand and may weigh particular factors according to the demands of the case." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016), *quoting Crawford v. Lexington-Fayette Urban County Gov.*, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008).

The purpose of the review is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010) *quoting Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Hedglin v. Maxim Healthcare Services, Inc.,* 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016). The Parties' Settlement is fair, reasonable, and adequate, particularly in light of (a) the *bona fide* dispute that exists between the Parties on the merits of Plaintiffs' claim, and (b) the monetary consideration Plaintiffs are receiving.

**1. A *Bona Fide* Dispute Between the Parties Existed Over Liability.**

Courts find there is a bona fide dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. *See, e.g., Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the defendants' actions were willful, and whether the defendants acted in good faith); *Smith v. Tradeglobal, LLC*, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *4 (S.D. Ohio Sept. 29, 2020).

Defendant denies Plaintiffs were improperly paid under the FLSA for all hours worked during the OSOC sleep shift. Moreover, Defendant denies Plaintiffs were not paid for hours worked, as Defendant maintains detailed time records of the actual time Plaintiffs clocked in and out each workday. Nonetheless, Plaintiffs allege that they were not compensated at the proper rate for the time worked in excess of 40 hours per workweek. Defendant denies Plaintiffs' allegations. Accordingly, the *bona fide* dispute between the Parties "serves as a guarantee" that the settlement is fair, reasonable, and adequate.

Had this matter not been settled, costly litigation would ensue enlarging the attorney fees and costs exposure to the Defendant and potentially reducing the resources available to pay the Plaintiffs. The Parties opted to negotiate a settlement prior to extensive discovery.

    **2.**    **The Proposed Settlement is Fair and Reasonable.**

Plaintiffs are receiving $45,000.00 to resolve their claims, and an additional $25,000.00 to cover the payment of attorney's fees. Named Plaintiffs Woods and Muhammad also will receive $2,500.00 each for a total of $5,000.00 as service payments for their efforts in bringing and resolving this matter. *See* **Ex. A**. This results in a total settlement payment of $75,000.00. This substantial sum is fair, reasonable, and adequate on its face. Plaintiffs and Plaintiffs' Counsel believe that this Settlement is in the best interest of the Plaintiffs. *See Declaration of Robert E. DeRose, Esq.*, attached as **Exhibit B** ("**Ex. B**") at ¶28. The proposed settlement is based on Plaintiffs' Counsel's damages model created after extensive review of Plaintiff's payroll records. *See*, **Ex. B**. at ¶18. Plaintiffs' unpaid wages owed, including liquidated and unliquidated damages total $107,340.21. *See*, *Id*. Plaintiffs will receive $45,000.00, which is forty-one (41%) of their total damages without the risk of losing at trial. *Id.*

The relevant *Int'l Union* factors also weigh in favor of approval. The Settlement was reached after extensive negotiations between counsel experienced in FLSA litigation, eliminating any concern that fraud or collusion exists. *Id.* After several months of ongoing negotiations, the parties scheduled a mediation to be held on November 20, 2023. However, rather than conducting a traditional mediation with a mediator, the Parties agreed for their counsel to meet and confer and to exchange their respective positions towards a global resolution. Through extensive negotiations, the Parties were able to come to an agreement on a fair and equitable resolution of the Plaintiffs' disputed FLSA claims. By specifically allocating a portion of the Settlement solely for Plaintiffs' wages, the Parties ensure that payment is a fair and adequate compromise. Further, the Parties, through their respective counsel, created a payment schedule that allows Defendant to pay the settlement balance in pre-determined amounts each month over the next year. This payment schedule is attached hereto as **Exhibit C** ("**Ex. C**"). The Settlement avoids lengthy, expensive, and uncertain litigation, which also serves the public interest. For these reasons, the Parties respectfully submit that the Settlement of Plaintiffs' FLSA claims are fair, reasonable, and adequate. *See, Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.").

### B. The Award of Attorneys' Fees is Reasonable.

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorneys' fees and litigation costs to a prevailing employee. *See* 29 U.S.C. § 216(b); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021)

("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA."). Federal courts have long recognized the profound importance of a plaintiffs' right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134-43 (6th Cir. 1994) (internal quotations and citations omitted) (*cert. denied*, 513 U.S. 875 (1994)). So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. *See Rembert*, 986 F.3d at 618.

There are two basic measures for evaluating the fairness of an attorney's fees award under the FLSA, "work done and results achieved." *Rui He v. Rom*, 751 Fed. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation." *Gascho* at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The

8

lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See Rembert* at *4 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See, Moulton v. U.S. Steel Corp.*, 581 F.3d at 352.

Plaintiff's Counsel seeks an award of attorneys' fees and reimbursement for costs in the amount of $25,000.00. The attorneys' fees represent one-third of the recovery and are consistent with the contingency representation contract Plaintiffs signed. *See* **Ex. B** at ¶25. Plaintiff's counsel at Barkan Meizlish DeRose Cox, LLP expended 36.90 hours in connection with the prosecution of Plaintiffs' claims which amounts to $14,625.50 in attorneys' fees. *See* **Ex. B** at ¶¶21-23. Further, Plaintiffs' Counsel at Brian G. Miller Co. expended 148.40 hours in connection with the prosecution of Plaintiffs' claims, totaling $28,781.00 amount in attorney's fees and $490.96 in litigation expenses. *See Declaration of Adam L. Slone*, attached as **Exhibit D** ("**Ex. D**") at ¶¶13-15. The total amount of Plaintiffs' counsels' attorneys' fees amounts to $43,406.50 total of both firm's fees, which exceeds the requested one-third amount by $18,956.50 (without including the costs). *See Id*. Thus, this factor favors approval. *See Dewald v. Time Warner Cable Inc.*, Nos. 16-cv-1129, 17-cv-00631, 2021 U.S. Dist. LEXIS 32459, *18 (S.D. Ohio Feb. 16, 2021) (factor favored approval where Plaintiffs Counsel's lodestar was more than the amount of fee

requested). Plaintiffs' Counsel took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See* **Ex. B** at ¶25; *See, Hebert v. Chesapeake Operating, Inc*., No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."). Based on the efforts expended by Plaintiffs' Counsel and the exceptional results achieved warrant granting Plaintiffs' Counsels' request. *See Kritzer v. Safelite Sols., LLC*, 2012 Dist. LEXIS 74994, at *29 (Granting the same Plaintiffs' Counsel 52% of the settlement based on the amount of work performed and the exceptional result achieved for the class.)

## IV.  CONCLUSION

The Parties jointly submit that the Settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of the Plaintiffs' claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

January 30, 2024                                                            Respectfully submitted,

| **KOHRMAN JACKSON & KRANTZ, LLP** | **BARKAN MEIZLISH DEROSE COX LLP** |
|---|---|
| */s/ Samir B. Dahman*<br>Samir B. Dahman (0082647)<br>10 West Broad Street, Suite 1900<br>Columbus, OH 43215<br>Tel: (614) 427-5750<br>sbd@kjk.com | */s/ Robert E. DeRose*<br>Robert E. DeRose (OH Bar No. 0055214)<br>4200 Regent Street, Suite 210<br>Columbus, OH 43219<br>Phone: (614) 221-4221<br>Facsimile: (614) 744-2300<br>bderose@barkanmeizlish.com |

| | |
|---|---|
| **LAW OFFICE OF JULIE M. YOUNG, LLC** | **BRIAN G. MILLER CO., L.P.A.** |
| */s/ Julie M. Young* | */s/ Adam L. Slone* |
| Julie M. Young (0070899) | Adam L. Slone (OH Bar No. 0093440) |
| P.O. Box 227 | 250 West Old Wilson Bridge Road, Suite 270 |
| Worthington, OH 43085 | Worthington, OH 43085 |
| Tel: (614) 842-3314 | Phone: (614) 221-4035 |
| julie@jmy-law.com | Facsimile: (614) 987-7841 |
| | als@bgmillerlaw.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

A copy of *Joint Motion To Approve Settlement Agreement* was filed electronically with the Court on January 30, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                               */s/ Robert E. DeRose*
                                                             Robert E. DeRose (OH Bar No. 0055214)